UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-598-CRS-CHL

**JAMES H. POGUE,**  **Plaintiff,**

v.

**THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,**  **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion for protective order (DN 33) filed by Defendant The Northwestern Mutual Life Insurance Company ("Northwestern Mutual"). Plaintiff James H. Pogue ("Pogue") seeks to depose Northwestern Mutual's corporate designees, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, in Louisville, Kentucky. (*See* DN 29.) Northwestern Mutual now seeks a protective order that would require Pogue to conduct the deposition at its principal place of business in Milwaukee, Wisconsin rather than in Louisville. Pogue has filed a response in opposition and Northwestern Mutual has filed a reply. (DN 40, 42.) This matter is now ripe for review. For the following reasons, the motion for protective order (DN 33) is **granted**.

## BACKGROUND

This action arises from Northwestern Mutual's denial of a disability insurance claim filed by Pogue. Pogue is a physician who resided in Tennessee at the time of the onset of his alleged disability; he subsequently moved to Kentucky, where he lived at the time he received notice that Northwestern Mutual denied his claim for coverage. Pogue initiated this action in Jefferson Circuit Court and Northwestern Mutual removed it to this Court. On October 15, 2015, Pogue served a notice of a Rule 30(b)(6) deposition (DN 29) of Northwestern Mutual's designated

representative(s). The deposition notice set a date of December 9, 2015 and a location of Pogue's counsel's office in Louisville, Kentucky. (DN 29 at 1.) The deposition notice states that Northwestern Mutual's "designated representative(s) should be prepared and able to testify as to the following matters known or reasonably available to [Northwestern Mutual]:"

1) Plaintiff's claim for benefits under the respective insurance policies at issue in this lawsuit.

2) Defendant's responses to written discovery, including Rule 26 disclosures.

3) Defendant's pleadings and defenses.

4) Defendant's reserves for Plaintiff's claim.

5) Sara Swanson, including her relationship with Defendant and involvement with Plaintiff's claim.

6) Michael Logan, including his relationship with Defendant and involvement with Plaintiff's claim.

(*Id.* at 3.)

Northwestern Mutual now seeks a protective order pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure that would prevent Pogue from requiring it to submit to a Rule 30(b)(6) deposition in Louisville and would instead require that the deposition take place at its principal place of business in Milwaukee. Northwestern Mutual avers that the "broad scope of information requested" by Pogue will require it to produce more than one witness for deposition and that all such individuals work and reside in Wisconsin. (DN 33 at 3.) It states that there are no Northwestern Mutual employees in Louisville who were involved in or have any knowledge of Pogue's claim for disability benefits. (*Id.*) Upon receiving the deposition notice, Northwestern Mutual's counsel contacted Pogue's counsel by email and stated that it would not

2

agree to hold the deposition in Louisville but that it would be willing to conduct it by video. (DN 33-6, 33-8.) Pogue's counsel did not accept this offer. (DN 33-7.)

In its motion for protective order, Northwestern Mutual argues that the general rule is that a deposition of a corporation's representative should take place at the corporation's principal place of business. It further argues that when a plaintiff notices a deposition to be taken at another location, there arises a presumption of good cause for entry of a protective order. Northwestern Mutual contends that Pogue has not identified any unusual circumstances that would overcome the presumption. It contends that it is insufficient for Pogue to argue that it conducts business in Kentucky or that, as a large corporation, it could more easily absorb the expense of traveling for a deposition than could Pogue, an individual. Moreover, according to Northwestern Mutual, the burden of forcing its witnesses to travel to Louisville for a deposition far outweighs any inconvenience to Pogue's counsel that would arise from requiring that the deposition be held in Milwaukee. Finally, Northwestern Mutual contends that the city of Louisville has no significance to the facts of this case, given that its principal place of business is in Wisconsin, that Pogue resided in Tennessee at the time of the onset of his alleged disability, and that he now resides in another part of Kentucky.

In response, Pogue argues that it is Northwestern Mutual that bears the burden of establishing that the deposition location should be changed, and that there is no evidence that it would be unduly burdensome or expensive for Northwestern Mutual to appear in Kentucky. He further argues that the Court should deny the motion for protective order for the following reasons: (1) counsel for both parties are located in Kentucky; (2) while Northwestern Mutual's principal place of business is in Wisconsin, it conducts a significant amount of business in

3

Kentucky; (3) Northwestern Mutual is licensed to conduct business in Kentucky and should therefore expect to defend against claims brought in Kentucky; and (4) Northwestern Mutual is a large corporation with far greater resources than Pogue for purposes of traveling for a deposition. (DN 40 at 3-4 (drawing factors from *Meyer v. Photofax Inc.*, 2009 U.S. Dist. LEXIS 55354 (E.D. Ky. June 26, 2009)).)

In its reply, Northwestern Mutual reiterates its argument that because Pogue noticed the Rule 30(b)(6) deposition for a location other than its principal place of business, the motion for protective order receives a presumption of good cause. Further, it argues, Pogue has not established that there are unusual circumstances that would support rebutting the presumption. Northwestern Mutual contends that Pogue not only misstates the applicable legal standard, but that he also relies upon case law that is inapposite. It argues that the deposition notice is truly about Pogue's counsel's desire to take the corporate designee's deposition in a way that is most convenient to counsel, and that this does not justify deviating from the rule.

## DISCUSSION

Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, a party or person from whom discovery is sought may move for a protective order in the court where the action is pending, or, in matters relating to a deposition, in the court for the district where the deposition will be taken. Fed. R. Civ. P. 26(c)(1). A motion for protective order brought under Rule 26(c) "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." *Id.* Where good cause is shown, the Court "may . . . issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *Id.* Such an order may

"includ[e] one or more of the following: (A) forbidding the disclosure or discovery; [or] (B) specifying terms, including time and place, for the disclosure or discovery[.]" Fed. R. Civ. P. 26(c)(1)(A)-(B).

As this matter is pending in the Western District of Kentucky, and as Pogue seeks to depose its corporate representative(s) within this district, the Court finds that Northwestern Mutual has brought its motion in the proper venue. Additionally, the Court finds that Northwestern Mutual's counsel satisfied the requirement of Rule 26(c)(1) and LR 37.1 that counsel confer, or attempt to confer, prior to filing a discovery-related motion. Northwestern Mutual's counsel contacted Pogue's counsel on the issue of the deposition location, but counsel for the parties were unable to come to an agreement. (*See* DN 33-6, 33-7, 33-8.)

The final element of Rule 26(c)(1) that Northwestern Mutual must satisfy is to establish that "good cause" exists to support entry of a protective order. The Court has authority to "forbid[] the disclosure or discovery" requested or to "specify[] terms, including time and place, for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A)-(B). For the reasons set forth below, the Court finds that good cause exists to grant Northwestern Mutual's motion for a protective order.

"[A]n 'examining party may set the place for the deposition of another party wherever he wishes subject to the power of the court to grant a protective order under Rule 26(c)[] designating a different place.'" *Farquhar v. Sheldon*, 116 F.R.D. 70, 72 (E.D. Mich.) (quoting Wright and Miller, *Federal Practice and Procedure: Civil*, Sec. 2112). District courts within the Sixth Circuit have held that a rule has "evolved" such that "in federal litigation, in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are

normally located." *Id.*; *see Ryan v. Ky. Dept. of Corr. W. Reg'l Training Ctr.*, 2016 U.S. Dist. LEXIS 37653, *3-4 (W.D. Ky. Mar. 23, 2016) ("While the burden is on the moving party, this Court recognizes that district courts within the Sixth Circuit have developed a body of case law that favors deposing a defendant's employee in the employee's normal location . . . because the defendant, unlike the plaintiff, did not choose the forum and is not a voluntary participant in the litigation."). "As a general rule, a plaintiff may be required to attend a deposition in the district where the case was filed, *but a defendant may insist on being deposed in the district where he resides*." *Undraitis v. Luka*, 142 F.R.D. 675, 676 (N.D. Ind. 1992) (emphasis added). "The general rule is that the deposition of a corporation by its agents and officers should be taken at the corporation's principal place of business." *Steppe v. Cleverdon*, 2007 U.S. Dist. LEXIS 54154, *5 (E.D. Ky. July 25, 2007) (citing *Chris-Craft Indus. Prods., Inc. v. Kuraray Co., Ltd.*, 184 F.R.D. 605, 607 (N.D. Ill. 1999)).

The purposes underlying these general rules create a presumption that there is good cause for a protective order when a deposition is noticed for a location other than the defendant's place of residence. *Chris-Craft*, 184 F.R.D. at 607. Because Northwestern Mutual's principal place of business is in Milwaukee, there is a presumption of good cause for a protective order in the face of Pogue's notice setting a deposition to be conducted in Louisville. The Court finds that there are no "special circumstances" in this case that would rebut the presumption. *Farquhar*, 116 F.R.D. at 72. Pogue chose the forum for this lawsuit; the fact that Northwestern Mutual removed the case to this Court is immaterial. *Culver v. Wilson*, 2015 U.S. Dist. LEXIS 50095, *7 (W.D. Ky. Apr. 16, 2015); *Farquhar*, 116 F.R.D. at 73 ("Although defendant removed the case to this

court, it cannot properly be said that he is now before this court by choice, since plaintiff filed this lawsuit to begin with.").

Pogue argues that Northwestern Mutual should expect to be required to defend lawsuits in this district and to absorb the costs of litigation-related travel because it is a large corporation and because it does a significant amount of business in Kentucky. Both of these arguments fail. First, individuals frequently sue corporations and seek to depose them pursuant to Rule 30(b)(6). If a difference in available funds for travel were sufficient to overcome the presumption, then the rule requiring depositions to take place at the corporation's principal place of business would never have arisen. Second, it is true that Northwestern Mutual conducts significant business in Kentucky; indeed, it has retained counsel in Louisville and is actively defending the instant lawsuit in this forum. Nonetheless, the general rule is that a Rule 30(b)(6) deposition takes place at the corporation's *principal* place of business, not at *any* place where the entity conducts business. Furthermore, the Court credits Northwestern Mutual's representations that there are no employees in Louisville who could adequately represent it at a 30(b)(6) deposition and that the individuals who have sufficient knowledge of the areas of inquiry specified by Pogue live and work in Wisconsin. The Court further credits Northwestern Mutual's representations regarding the disruption to its business operations that would occur were these two corporate representatives required to travel to Louisville for depositions.

Northwestern Mutual's size and financial resources do not compel a contrary result. The parties' arguments on this issue present an opportunity for the Court to enunciate a generally applicable principle. Put simply, the Court *will not permit* the parties' relative size and resources alone to control the outcome in disputes such as this. If adopted, Pogue's argument would result

in the party with fewer financial resources automatically having power to compel the party with greater financial resources to succumb to its choice of deposition locations, all the while with the latter picking up the bill.  The Federal Rules of Civil Procedure and the case law applying them apply equally to all parties, regardless of their size or financial position.  After choosing a lawsuit's forum, a plaintiff must adhere to the existing rules as the case moves forward.  In this case, Pogue is subject to the existing rule regarding the location of Rule 30(b)(6) depositions.  Absent special circumstances, such depositions shall be conducted at the defendant's principal place of business.  No special circumstances have been demonstrated in this case.

Moreover, the fact that traveling to Milwaukee for the deposition may be inconvenient and expensive for Pogue (should he choose to attend) and his counsel, is unpersuasive.  *See, e.g.*, *Morin v. Nationwide Fed. Credit Union*, 229 F.R.D. 362, 363 (D. Conn. 2005) (noting that "travel for depositions is expected for litigators" and that the costly and time-consuming nature of such travel is a "valid but seemingly unremarkable reason[]" for seeking to change the usual location of a corporate defendant's deposition).

Finally, the Court notes that Northwestern Mutual has stated that it is willing to conduct the depositions of its corporate representatives by video if Pogue so desires.  While Pogue's counsel has not, thus far, expressed a desire to do so, the parties are free to agree to such an arrangement.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Northwestern Mutual's motion for a protective order (DN 33) is **GRANTED**.  Any deposition of it pursuant to Rule 30(b)(6) of the

Federal Rules of Civil Procedure shall be conducted at its principal place of business in Milwaukee, Wisconsin.

cc: Counsel of record