**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-598-CRS-CHL**

**JAMES H. POGUE,**                                                                              **Plaintiff,**

v.

**THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,**     **Defendant.**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on two motions for extensions of existing case management deadlines. First, Plaintiff James H. Pogue ("Pogue") has filed a motion for an extension of time to complete discovery (DN 46). Defendant The Northwestern Mutual Life Insurance Company ("Northwestern Mutual") filed a response in opposition, and Pogue filed a reply. (DN 47, 50.) Later, Northwestern Mutual filed a motion for an extension of time for submission of dispositive motions (DN 56). Pogue filed a response in opposition, and Northwestern Mutual filed a reply. (DN 58, 62.) Both matters are now ripe for review.[1] For the following reasons, Pogue's motion to extend the discovery deadline is **granted in part** and **denied in part**, and Northwestern Mutual's motion to extend the dispositive motion deadline is **granted**.

**BACKGROUND**

This action arises from Northwestern Mutual's denial of a disability insurance claim filed

---

[1] Pursuant to LR 7.1(b), a memorandum opposing a motion for extension of time must be filed within seven (7) days of service of the motion. LR 7.1(b) *does not* provide for the filing of replies in support of motions for extensions. In this case, neither party complied with the terms of LR 7.1(b). Rather, each party filed a response in opposition *more than seven days after* service of the respective motion for extension, and each party *filed a reply* in support of his or its motion. Because the parties' actions in violation of LR 7.1(b) mirrored one another, and because the basis for each motion is tied to larger issues related to discovery motions that were pending at the time the motions for extension were filed, the Court finds that the errors were harmless and will accept the responses and replies as timely and properly filed. The parties and their counsel shall be mindful of the terms of LR 7.1(b) in the future.

by Pogue.  Pogue is a physician who alleges that, due to a number of mental and physical health conditions, he is completely disabled from practicing medicine.  Pogue initiated this action in Jefferson Circuit Court and Northwestern Mutual removed it to this Court.  On December 2, 2015, the Court entered an order (DN 41) extending by sixty (60) days each party's deadline to disclose its expert witnesses and the deadline for discovery.  The new deadlines, which remain in effect at present, are as follows:

        (1) January 16, 2016 for Pogue's expert disclosure;

        (2) February 15, 2016 for Northwestern Mutual's expert disclosure;

        (3) February 29, 2016 for rebuttal experts;

        (4) March 15, 2016 for discovery; and

        (5) May 16, 2016 for dispositive motions.

(*See* DN 32, 41.)

        **1.  Pogue's Motion for Extension of Discovery and Expert Deadlines**

Pogue asks the Court to extend the deadlines for his expert disclosure, rebuttal expert disclosure, and discovery.  The basis for his motion is that his "ability to prepare his case has been hampered by his inability to take the [Rule 30(b)(6) deposition of Northwestern Mutual's] designated representative." (DN 46 at 1.)  He alleges that because Northwestern Mutual objected to a Rule 30(b)(6) deposition as noticed by Pogue, he has been unable to complete discovery as needed.  He states that he will be unable to "fairly determine necessary expert and rebuttal witnesses and unable to complete follow-up discovery" until after the 30(b)(6) deposition. (*Id.* at 2.)  Based on the amount of time between the date noticed for that deposition and the existing deadlines, Pogue requests a 30-day extension of his expert disclosure deadline, a 60-day

extension of his rebuttal expert deadline, and a 75-day extension of the discovery deadline. Pogue contends that Northwestern Mutual "will in no way be prejudiced" if his motion is granted. (*Id.* at 3.)

In response, Northwestern Mutual points to its motion for protective order (DN 33) and notes that its only objection to the 30(b)(6) deposition was to the noticed location, Louisville, Kentucky, as it sought to appear instead at its principal place of business in Milwaukee, Wisconsin. The Court granted the motion for protective order, holding that Pogue must depose Northwestern Mutual's corporate representative in Milwaukee, its principal place of business. (DN 63.)

In relation to the deadline for Pogue's expert disclosure, Northwestern Mutual argues that where, as here, a party files a motion for extension *after* the relevant deadline has expired, the applicable standard is excusable neglect. Specifically, Northwestern Mutual contends that after the expiration of the existing deadline for Pogue's expert disclosure, its counsel contacted Pogue's counsel and inquired as to the status of his expert disclosure. (DN 47-1.) In an email response, Pogue's counsel stated that he had identified his experts in October 2015. (DN 47-2.) Northwestern Mutual avers that it relied upon that representation by Pogue's counsel and argues that Pogue should not now be permitted to obtain new deadlines. In relation to the deadlines for rebuttal expert disclosure and discovery, Northwestern Mutual contends that Pogue has failed to establish good cause for extensions.

In his reply, Pogue argues that because he timely noticed a 30(b)(6) deposition, he should not be held to an excusable neglect standard. He contends that it is commonplace for a deposition of a corporate representative to reveal additional necessary discovery, and that it was

3

Northwestern Mutual's refusal to sit for a deposition that necessitated extensions of the existing deadlines. Pogue further argues that, even if the Court finds that the excusable neglect standard applies, he has satisfied the standard for the following reasons: (1) Northwestern Mutual will not suffer any prejudice if the motion is granted; (2) the extensions will not unfairly delay the proceedings, because the timeframes that he requests are exactly proportional to the existing scheduling order; (3) he has articulated the reason for his requested extension – that the parties require a ruling on Northwestern Mutual's motion for protective order; (4) Northwestern Mutual caused the delay by refusing to comply with the 30(b)(6) deposition notice; and (5) he filed his motion for extension in good faith.

### 2. Northwestern Mutual's Motion for Extension of Dispositive Motion Deadline

Northwestern Mutual has now filed a motion (DN 56) to extend the May 16, 2016 deadline for filing dispositive motions. It points to the number of motions pending at the time of its motion for extension and contends that such motions will affect its ability to comply with the existing deadline. (*See* DN 56 at 1-2.) It requests that the dispositive motion deadline be reset at least 90 days after the completions of the depositions of Dr. Roy Asta and Dr. Bracken Lewis. (*See* DN 48, 51, 54, 60 (motions related to those individuals).)

In response, Pogue states that he does not oppose Northwestern Mutual's motion so long as any extension of the dispositive motion deadline would apply to both parties. He further argues that to the extent that Northwestern Mutual requests an extension of the discovery deadline, such request should be denied. Specifically, he contends that Northwestern Mutual fails to establish good cause for an extension of the discovery deadline; rather, it conclusively states that an extension is necessary because resolution of pending motions will affect the

completion of discovery. He points to his motions to quash deposition notices of Dr. Asta and Dr. Lewis (DN 48, 51), arguing that Northwestern Mutual is not entitled to depose those individuals, and that he would be prejudiced were the Court to extend discovery to allow Northwestern Mutual to conduct those depositions.

In reply, Northwestern Mutual states that it requires an extension of its dispositive motions deadline entirely *because of* Pogue's actions in obstructing the depositions of Dr. Asta and Dr. Lewis. It states that Pogue's purported inability to complete discovery and comply with the existing dispositive motion deadline is a result of his own actions and not any action on the part of Northwestern Mutual. It incorporates by reference its briefing related to Dr. Asta and Dr. Lewis and its motion for protective order related to the location of the Rule 30(b)(6) deposition.

## DISCUSSION

A scheduling order may be modified only for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4). In this case, both parties request that the Court modify certain existing deadlines. As should be clear from the above discussion, the parties' arguments regarding extensions of existing deadlines are intertwined with their arguments as to various discovery-related disputes. There is no need to address the substantive aspects of such discovery disputes here, as the Court has done so in depth in several recent memorandum opinions and orders. (*See* DN 63 (granting Northwestern Mutual's motion for protective order in relation to 30(b)(6) deposition), DN 65 (granting Northwestern Mutual's motion to compel production of Pogue's Social Security disability file), DN 69 (denying Pogue's motion to quash subpoena of Dr. Lewis), and DN 70 (addressing several motions related to Dr. Asta).) In short, for the reasons set forth below, the Court finds that good cause exists to modify some of the case management

5

deadlines that are presently in effect in this case, and that good cause does not exist to support modifying certain other deadlines.  The distinctions are explained below.

### 1. Pogue's Motion for Extension of Discovery and Expert Deadlines

For the following reasons, Pogue's motion for extension of the existing discovery and expert witness deadlines is **granted in part** and **denied in part**.

#### a. Discovery Deadline

Pogue's sole argument in support of extending the deadline for discovery is that Northwestern Mutual impeded his attempt to depose its representative.  The Court disagrees.  In granting Northwestern Mutual's motion for protective order with respect to the location of the Rule 30(b)(6) deposition, the Court expressly rejected Pogue's arguments as to the location of the deposition.  The law requires Pogue to take the 30(b)(6) deposition at Northwestern Mutual's principal place of business in Milwaukee, Wisconsin (or by video deposition, should he accept the alternative solution offered by Northwestern Mutual).  Consistent with that decision, Pogue is entitled to an extension of the discovery deadline for the limited purpose of conducting a 30(b)(6) deposition.  The Conclusion section below sets a deadline for him to do so.

The Court concludes that good cause does not exist for an extension of the discovery deadline beyond that limited purpose.  The Court is cognizant of Pogue's argument that the 30(b)(6) deposition *may* lead to a need for additional discovery.  However, in the context of this case, which is rife with discovery disputes and distrust among counsel, the Court finds that it is necessary for the Court to oversee any additional discovery that either party contends is needed following the completion of the 30(b)(6) deposition (or following the depositions of Pogue's treating physicians).  Accordingly, should either party contend that additional discovery is

needed subsequent to the 30(b)(6) deposition, such party shall request a telephonic conference with the Court.

      b. <u>Expert Disclosures</u>

Pogue also requests an extension of the deadline for his expert disclosure. This request is denied. Pogue filed his motion for extension (DN 46) on February 23, 2016. The deadline for Pogue to disclose expert witnesses expired on January 16, 2016. (DN 32, 41.) Because the motion for extension was filed out of time, the heightened standard in Rule 6(b) of the Federal Rules of Civil Procedure applies. Rule 6(b) provides as follows: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Determinations of whether a party failed to act because of excusable neglect are within the trial court's discretion. *See Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) ("We review a district court's determination of excusable neglect, or lack thereof, under the abuse-of-discretion standard.") (citation omitted).

The Sixth Circuit has set forth five factors to be balanced by the district court in making a determination as to excusable neglect pursuant to Rule 6(b)(1)(B). The five factors are as follows: "(1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the moving party; and (5) whether the late-filing party acted in good faith." *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). In his reply, Pogue argued that the excusable neglect standard does not apply

because Northwestern Mutual's refusal to sit for the 30(b)(6) deposition necessitated the extensions he seeks. He did, however, briefly address the five excusable neglect factors.

The Court will now apply the five factors set forth by the Sixth Circuit. First, the Court finds that were it to extend the deadline for expert witnesses as requested by Pogue, there would be a danger of prejudice to Northwestern Mutual. On January 21, 2016, less than a week after the deadline for Pogue to serve his expert disclosure, Northwestern Mutual inquired as to whether he intended to identify experts. (DN 47-1 at 2.) On the same day, Pogue's counsel replied definitively that he previously disclosed expert witnesses, pointing to his disclosure of Pogue's treating physicians, Dr. Asta and Dr. Lewis, on October 15, 2015. (*Id.* ("Plaintiff's disclosures were sent on October 15, 2015."); *see id.* at 4-10 (Pogue's expert witness disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(C) and supplementation of discovery pursuant to Fed. R. Civ. P. 26(e)).) Pogue's counsel said nothing to indicate that he intended to supplement his existing disclosures or disclose additional experts at a later date. Then, on February 23, 2016, just over a month after this email exchange, Pogue filed the motion for extension. Northwestern Mutual justifiably relied upon Pogue's counsel's January 21, 2016 email, which implied that Pogue would not supplement his expert disclosure of October 15, 2015. It would be prejudicial to Northwestern Mutual were the Court to now give Pogue additional time to disclose expert witnesses.

Second, whether the delay in filing the motion for extension had an impact on the judicial proceedings is a close question. There have been several discovery related-motions before the Court in recent months. It is difficult to say whether this particular delayed filing has influenced the stagnation of this case to date. However, were the Court to grant the extension Pogue seeks,

it would undoubtedly cause further delays in the progression of this case. Pogue makes much of the fact that the extensions he seeks would be proportional to the existing deadlines and contends that granting his motion would not lead to further delays. The Court disagrees. As has been noted multiple times in the Court's recent memorandum opinions, this case has suffered from numerous discovery disputes, some of which have, unfortunately, involved gamesmanship and misrepresentation by Pogue. To allow Pogue 60 more days, as he requests, to identify expert witnesses when he did not even seek to extend the existing deadline until after it had passed would unnecessarily delay the progression of this action and may even serve to reward Pogue for his neglect.

Third, Pogue has not offered a sufficient reason for his delay in seeking an extension. He contends that an extension is needed because the parties required a ruling on Northwestern Mutual's motion for protective order before they could complete discovery, expert-related or otherwise. Pogue misses the mark. This factor relates to the reason for the delay in seeking an extension, *not* the reason that the moving party believes an extension is needed. Pogue has not offered any reason for his failure to seek to extend the expert deadline prior to the January 16, 2016 deadline.

Fourth, the delay in seeking an extension of the expert disclosure deadlines was within Pogue's control. Again, Pogue misses the mark in arguing that the delay was caused by Northwestern Mutual's failure to comply with his 30(b)(6) deposition notice. The question is not what caused the purported need for an extension of the relevant deadlines.[2] Rather, the relevant

---

[2] Even if that were the relevant inquiry, the Court's opinion granting Northwestern Mutual's motion for protective order as to the location of the 30(b)(6) deposition shows that its refusal to participate in the deposition on the terms sought by Pogue was reasonable and justified under the Rules. Moreover, Northwestern Mutual timely

9

question is whether Pogue's failure to file the motion for extension in a timely manner was caused by something out of his control. Based on the record before the Court, the answer is no. The Court is not aware of any impediment to Pogue filing a timely motion for extension prior to the expiration of the January 16, 2016 deadline for his expert disclosure. In fact, if his counsel simply missed the deadline in good faith, he could have sought an extension immediately upon Northwestern Mutual's January 21, 2016 inquiry as to whether he intended to serve expert disclosures. Instead, Pogue waited until February 23, 2016, over one month after the deadline and Northwestern Mutual's inquiry, to seek an extension. Pogue has not presented the Court with any information that would show that his untimely motion for extension was caused by something outside of his control.

The fifth and final inquiry is whether the moving party acted in good faith. In this instance, the Court is not prepared to conclude that Pogue or his counsel did not act in good faith by filing the motion out of time. However, the other four factors in the excusable neglect balancing test enunciated by the Sixth Circuit are met in this instance. Considering the five factors together, it is clear that four factors weigh heavily in favor of a finding that his untimely motion for extension was not a matter of excusable neglect. Accordingly, Pogue's request for an extension of the deadline for his expert witness disclosure is denied.

    c. <u>Rebuttal Experts</u>

Pogue filed his motion for extension on February 23, 2016, six days before the February 29, 2016 deadline for rebuttal experts. Accordingly, the motion was timely for purposes of the rebuttal expert deadline. The excusable neglect standard therefore does not apply; the Court will

---

served its expert disclosure (*see* DN 47-2), demonstrating an understanding that absent an order of the Court, the existing case management deadlines remain in effect regardless of how many discovery-related motions are pending.

instead apply the usual good cause standard applicable to timely requests for modification of scheduling orders. Until today, the parties have had no way of knowing how the Court would decide the motion for extension as to the other expert-related deadlines. That is, prior to receiving the instant opinion, the parties would not know whether the opposing party would be permitted to disclose additional experts, and in turn, whether and for what purpose they would require rebuttal experts.

Based on the foregoing, the Court finds that good cause exists to support a *brief extension* of the rebuttal expert deadline. Pogue requests a 60-day extension of the rebuttal expert deadline. The Court finds that this is excessive given the amount of time that has passed since each party served its expert disclosures. (*See* DN 47-1 at 4-6 (Pogue's expert disclosures, served on October 15, 2015); DN 47-2 (Northwestern Mutual's expert disclosures, served on February 15, 2016).) Accordingly, the Court will grant an extension until June 24, 2016 for either party to serve rebuttal expert disclosures.

### 2. Northwestern Mutual's Motion for Extension of Dispositive Motion Deadline

Northwestern Mutual's motion for extension of the dispositive motion deadline (DN 56) may be resolved more quickly. The Court concludes that good cause exists to support extending the May 16, 2016 deadline for dispositive motions. A dispositive motion filed by either party would almost certainly rely on one or more of the depositions that have yet to be taken in this case as a result of the ongoing discovery disputes. The depositions in question are the Rule 30(b)(6) deposition of Northwestern Mutual sought by Pogue and those of Dr. Roy Asta and Dr. Bracken Lewis, Pogue's treating physicians, sought by Northwestern Mutual. Additionally, the Court concurs with Pogue that the dispositive motion deadline should be reciprocal.

Accordingly, Northwestern Mutual's motion for extension of the dispositive motion deadline is granted. Any dispositive motions in this case must be filed no later than 60 days after the latest of the three depositions permitted by the Court (that is, the depositions of Dr. Lewis, Dr. Asta, and Northwestern Mutual's representative).

The instant memorandum opinion and order resolves the last two of at least eight motions filed in this case concerning discovery and other pretrial matters. Having resolved all of those motions, the Court finds that it is appropriate to establish parameters for the completion of discovery and the filing of dispositive motions, if any. Such parameters are set in the Conclusion section below.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

(1) Pogue's motion for extension (DN 46) is GRANTED IN PART and DENIED IN PART as set forth below:

    (a) The deadline for **completion of discovery** is EXTENDED for the sole purpose of permitting the parties to conduct the following depositions: Pogue's Rule 30(b)(6) deposition of Northwestern Mutual and Northwestern Mutual's depositions of Pogue's treating physicians, Dr. Roy Asta and Dr. Bracken Lewis. The terms related to such depositions that are set forth in previous orders of the Court (*see* DN 63, 69, 70.) REMAIN IN EFFECT.

        (i) The parties shall conduct all three depositions **no later than July 22, 2016**.

(ii) Should either party contend that it needs to take additional discovery as a direct result of any of the three permitted depositions, such party shall request a telephonic conference with the Court by contacting Case Manager Theresa Burch at theresa_burch@kywd.uscourts.gov.

(b) Pogue's request that the Court extend the deadline for his expert disclosure is DENIED.

(c) The deadline for **disclosure of rebuttal experts** is extended to **June 24, 2016**.

(2) Northwestern Mutual's motion for extension (DN 56) is GRANTED. Any **dispositive motions** shall be filed **no later than 60 days after the last of the three depositions permitted herein**. Upon the completion of all three depositions, the parties shall NOTIFY the Court of the dates upon which the depositions were conducted so that the Court can set a date certain for filing of dispositive motions.

(3) The Court's standing order regarding any future discovery-related motions REMAINS IN EFFECT. Should either party wish to file a motion related to discovery, it shall first request and participate in a telephonic conference with the Court. The parties may request such a conference by contacting Case Manager Theresa Burch at theresa_burch@kywd.uscourts.gov.

cc: Counsel of record