UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES H. POGUE                                                                                                PLAINTIFF

v.                                                                         CIVIL ACTION NO. 3:14-cv-00598-CRS

NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY                                                                                          DEFENDANT

## MEMORANDUM OPINION

Defendant Northwestern Mutual Life Insurance Company ("Northwestern Mutual") moved for a protective order that would require Plaintiff James. H. Pogue to depose Northwestern Mutual's corporate designees at its principal place of business in Milwaukee, Wisconsin. Pogue had sought, under Fed. R. Civ. P. 30(b)(6), to depose these designees in Louisville, Kentucky. The magistrate judge granted Northwestern Mutual's protective order. Pogue now objects to that order.

District courts within this circuit have held that "in federal litigation, in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located." *Farquhar v. Sheldon*, 116 F.R.D. 70, 72 (E.D. Mich.) (quoting Wright and Miller, Federal Practice and Procedure: Civil, Sec. 2112); *see also*, *Ryan v. Ky. Dept. of Corr. W. Reg'l Training Ctr.*, Civil Action No. 3:14-CV-00598-CRS-CHL (W.D. Ky. Mar. 23, 2016). "The general rule is that the deposition of a corporation by its agents and officers should be taken at the corporation's principal place of business." *Steppe v. Cleverdon*, Civil Action No. 06–CV-00144–JMH (E.D. Ky. July 25, 2007) (citing *Chris-Craft Indus. Prods., Inc. v. Kuraray Co., Ltd.*, 184 F.R.D. 605, 607 (N.D. Ill. 1999)).

1

Under Fed. R. Civ. P. 26(c)(1), this Court may enter a protective order upon a showing of good cause to avoid "annoyance, embarrassment, oppression, or undue burden or expense." There is a presumption of good cause for a protective order when a deposition notice is for a location other than the desired witness' residence. *See Culver v. Wilson*, Civil Action No. 3:14–CV–00660–CRS–CHL (W.D. Ky. Apr. 16, 2015). Pogue has not rebutted this presumption.

As Northwestern Mutual has shown good cause for a protective order and Pogue has failed to rebut this presumption, the Court will overrule Pogue's objections to the magistrate judge's opinion and order.

The Court will enter a separate order in accordance with this opinion.

**SO ORDERED.**

June 15, 2016

Charles R. Simpson III, Senior Judge
United States District Court