UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-598-CRS

JAMES H. POGUE,                                                                          Plaintiff,

v.

THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,         Defendant.

MEMORANDUM OPINION AND ORDER

1. **June 14, 2016 Telephonic Status Conference**

The Court conducted a telephonic conference on June 14, 2016. Andrew M. Grabhorn participated on behalf of Plaintiff James H. Pogue ("Pogue"). Cornelius E. Coryell, II participated on behalf of Defendant The Northwestern Mutual Life Insurance Company ("Northwestern Mutual"). Northwestern Mutual requested the conference in compliance with the Court's order of June 1, 2016 (DN 71), which requires the parties to request a conference with the Court prior to filing any motion related to discovery. Based on the Court's discussion with counsel, the Court orally amended certain case management deadlines. However, certain events subsequent to the June 14, 2016 conference now lead the Court to update the orders made during the conference.[1]

2. **Objections Filed by Pogue**

On June 15, 2016, Pogue filed the following: (1) an objection (DN 76) to the undersigned Magistrate Judge's order (DN 70) on several motions related to Pogue's treating physician, Dr. Asta; (2) an objection (DN 77) to the undersigned's order (DN 71) on two motions for extensions

---

[1] Specifically, the Court declines at this time to establish any dates certain for completion of depositions or disclosure of rebuttal experts. The Court does find, however, that it is appropriate to memorialize its order regarding Northwestern Mutual's obligation to update the Court periodically as to the status of its efforts to obtain Pogue's file from the Social Security Administration. These conclusions are set forth below in the Order section.

of time; and (3) a motion to stay this litigation (DN 78) pending resolution of Pogue's objections. Pogue previously objected (DN 68) to the undersigned's order (DN 63) granting Northwestern Mutual's motion for protective order as to the location of Pogue's Rule 30(b)(6) deposition of Northwestern Mutual's representative. On June 16, 2016, Senior District Judge Charles R. Simpson, III entered a memorandum opinion and order (DN 79, 80) overruling Pogue's objection regarding the 30(b)(6) deposition.[2] Pogue's other two objections (DN 76, 77) to the undersigned's orders will be submitted to Judge Simpson.

### 2. Motion to Stay

The Court finds that it is appropriate at this juncture to address Pogue's motion to stay. Pogue asks that the Court "stay this litigation pending resolution of his objections." (DN 78 at 1.) He asserts that a stay "will not prejudice either party, and more importantly would avoid expending limited resources on issues which would be moot should the Court sustain [his] objections." (*Id.*) Pogue argues that resolution of his objections will substantially impact the completion of fact discovery, including the time and resources that the parties will expend in relation to depositions. He further argues that he would suffer unnecessary financial hardship and prejudice if he were required to move forward with discovery and other pretrial deadlines in compliance with the undersigned's orders only to have his objections result in those orders being overruled. Finally, he argues that judicial resources will be saved if the litigation is stayed. (*Id.* at 5-6 ("[D]enying Dr. Pogue's request would potentially cause the Court to continue addressing issues which may ultimately become moot.").)

---

[2] Judge Simpson concluded that Northwestern Mutual showed good cause for a protective order that would require Pogue to conduct the 30(b)(6) deposition at its principal place of business in Milwaukee, Wisconsin, rather than in Louisville, Kentucky. Judge Simpson held that Pogue failed to rebut the presumption of good cause for a protective order and that his objection was "*without merit.*" (DN 80.)

Neither filing objections to an order entered by a magistrate judge nor filing a motion to stay enforcement of the order relieves a party of its obligation to comply with the order. *See, e.g.*, *Guiden v. Leatt Corp.*, 2013 U.S. Dist. LEXIS 118355, *12 (W.D. Ky. Aug. 21, 2013) ("[T]he filing of an objection does not automatically stay a Magistrate Judge's order . . .") (citing *City of Ecorse v. U.S. Steel*, 2008 U.S. Dist. LEXIS 19323, *1 (E.D. Mich. Mar. 13, 2008)); *see also City of Holland v. Fed. Ins. Co.*, 2014 U.S. Dist. LEXIS 77110, *2 (W.D. Mich. June 6, 2014) (rejecting "[p]laintiff's position[, which is] based on the unsupported and unsupportable assumption that the filing of objections to the magistrate judge's order on a nondispositive matter stays the order's operation"); *see id.* at *3 (collecting cases). Accordingly, the obligations imposed on both parties pursuant to the undersigned's recent orders remain in effect unless the Court rules otherwise.

Pogue seeks a stay of the litigation pending resolution by Judge Simpson of his objections. This case has been referred to the undersigned Magistrate Judge for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and disposition of all non-dispositive matters, including discovery issues. (DN 12.) This Court "has broad discretion to manage the discovery process [] including the authority to stay discovery." *Brown v. Tax Ease Lien Servicing*, 2015 U.S. Dist. LEXIS 158666, *10 (W.D. Ky. June 2, 2015) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) ("Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.")). Moreover, pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court has discretion to modify an existing scheduling order for good cause. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

The Court concludes that good cause exists to modify the existing case management deadlines in this case and to stay this action pending resolution by Judge Simpson of Pogue's objections. The Court finds that a stay would promote the interests of efficiency, conservation of time and resources for the parties, and the effective use of judicial resources. As Pogue points out, this case has been unusually bogged down by discovery-related disputes. The Court does not wish to exacerbate existing disputes or engender new disputes by insisting that the parties move forward in compliance with recent orders (DN 70, 71) pending resolution of Pogue's objections.

Moreover, the Court notes that one day after Pogue filed his most recent objections (DN 76, 77), Judge Simpson entered an order (DN 80) overruling Pogue's first objection (DN 68). Judge Simpson's order not only provided a resolution of the issue of the location of the Rule 30(b)(6) deposition, but it also served to immediately decrease the number of unsettled issues related to Pogue's objections. At present, the objections that remain before Judge Simpson relate to the deposition of one of Pogue's treating physicians, Dr. Roy Asta (DN 76), and certain case management deadlines set by the undersigned in relation to both parties' requests for extensions of certain deadlines (DN 77). Moreover, it appears that the objection regarding scheduling is closely tied to Pogue's arguments regarding the 30(b)(6) deposition. (*See, e.g.*, DN 77 at 3 ("As with his request to extend the discovery deadline, the 30(b)(6) deposition will potentially shed light on what expert rebuttal, if any, Dr. Pogue needs to put forward."); *id.* at 4 ("[Northwestern Mutual] should not complain about an issue that is entirely the result of its own refusal to appear for its properly noticed deposition.").)

For the foregoing reasons, Pogue's motion to stay is **granted**.

### 3. Order

Accordingly, IT IS HEREBY ORDERED as follows:

(a) Pogue's motion to stay (DN 78) is **GRANTED**. With the exception of the case management requirements set forth herein, this action is STAYED pending resolution of Pogue's recent objections (DN 76, 77). **Within ten (10) days** of entry by Judge Simpson of an order or orders resolving the objections, the parties shall JOINTLY FILE a proposed scheduling order and jointly request a telephonic conference with the Magistrate Judge.

(b) Consistent with the discussion during the June 14, 2016 telephonic conference, Northwestern Mutual shall submit periodic status reports regarding production by the Social Security Administration of Pogue's file. Such status reports shall be filed **every thirty (30) days**, with the first due **no later than July 15, 2016**.

(c) Neither party shall file any motion so long as the stay imposed herein remains in effect. At such time as the stay is lifted, the Court's standing order regarding any future discovery-related motions shall REMAIN IN EFFECT.

cc:  Counsel of record
0:45