UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES H. POGUE                                                                                    PLAINTIFF


v.                                                                        CIVIL ACTION NO. 3:14-cv-00598-CRS


NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY                                                                         DEFENDANT

**MEMORANDUM OPINION**

Defendant Northwestern Mutual Life Insurance Company ("Northwestern Mutual") moved to exclude Dr. Roy Asta's testimony under Rule 37 and the Court's inherent power to control discovery matters. ECF No. 54. The magistrate judge denied in part and granted in part Northwestern Mutual's motion. ECF No. 70. The magistrate judge found Plaintiff James H. Pogue's counsel's actions warranted sanctions under Rule 37, Rule 30, and the court's inherent power. The magistrate judge acknowledged that excluding Asta's testimony would be a severe sanction for Pogue's counsel's conduct. Instead, the magistrate judge denied the requested sanction and imposed the lesser sanction of attorney fees.

Pogue also moved to quash the continuation of Asta's deposition. ECF No. 48. The magistrate judge denied the motion to quash and ordered the deposition of Asta to continue for up to seven additional hours. ECF No. 70.

Pogue now objects to the magistrate judge's partial grant of Northwestern Mutual's motion for sanctions and the denial of Pogue's motion to quash. ECF No. 76. The Court will sustain in part and overrule in part the objections magistrate judge's opinion and order.

1

1. <u>Discovery Sanction Objections</u>

a. *Due Process Objections*

Pogue first argues that the magistrate judge's ruling does not comport with due process requirements. To support this position, Pogue cites case law mostly concerning sanctions under Rule 11, *see, e.g.*, *Nisus Corp. v. Perma-Chick Sys.*, Civil Action No. 3:03-CV-00120 (E.D. TN Aug. 9, 2007), or dismissal as a sanction under Rule 37. *See, e.g.*, *O'Toole v. William J. Meyer Co.*, 243 F.2d 765 (5th Cir. 1957). "The due process concerns posed by an outright dismissal are plainly greater than those presented by assessing counsel fees against lawyers." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 770 n. 14 (1980). However, "Like other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record." *Id.* at 767. Due process requires that Pogue be able to mount a meaningful defense in response to the potentially imposed sanctions. *Id.*

Pogue's argument that the Court did not allow him an opportunity to meaningfully defend against sanctions lacks merit. While Northwestern Mutual's motion was styled as a motion seeking to exclude testimony, the motion's content clearly puts Pogue on notice that the opposing party sought discovery sanctions. One of the possible discovery sanctions enumerated under Rule 37 is the payment of expenses. *See* Fed. R. Civ. P. 37(b)(2)(C).

However, even assuming that Northwestern Mutual's motion provided inadequate notice, this Court now reviews Pogue's objections to discovery sanctions after he has had an opportunity to again fully brief the matter. Pogue's counsel had the opportunity defend against the proposed sanctions in his memorandum of objections to the magistrate's opinion and order. The magistrate judge's opinion provided Pogue's counsel with fair notice of the sanctions that may be imposed,

2

and the objection provided fair opportunity to respond. Altogether, the Court will overrule Pogue's due process objections.

b. *Appropriateness of Sanctions*

Pogue argues that sanctions were not permitted under Rule 37, Rule 30, or the Court's inherent power. These arguments are also without merit.

First, under Rule 37, a party is sanctionable if he "fails to obey an order to … permit discovery."  Pogue argues Rule 37 is inapplicable because the subpoena was issued to Asta, not Pogue or Pogue's counsel. Pogue's counsel misinterprets the rule. In hindering the deposition of Asta, Pogue's counsel acted with disregard for and in contradiction to the subpoena, which is treated as an order of the court. *See* Fed. R. Civ. P. 45 advisory committee's note (1991).

On the record during the deposition, Northwestern Mutual and Asta agreed to continue Asta's deposition "at a mutually convenient date [to] complete [Asta's] deposition." Asta Depo. 118 – 19, ECF No. 53-5; *see also*, *id.* 265 – 66. After Northwestern Mutual served notice to complete the deposition, Pogue's counsel ignored scheduling emails, and instead filed a motion to quash two days before the scheduled deposition. Pl.'s Mot. Quash, ECF No. 48. Northwestern Mutual, intending to continue with the deposition, sent Pogue's counsel an email stating that Asta had not been released from the subpoena although Northwestern Mutual's counsel said Pogue's attorneys "instructed Dr. Asta to refuse to comply with the subpoena." March 9, 2016 Coryell-Grabhorn Email Correspondence, ECF No. 53-6. Pogue's counsel retorted, "Proceed at your own peril but we will not be attending nor will Dr. Asta." *Id.* As the magistrate judge concluded, and this Court agrees, this conduct warrants sanctions under Rule 37.

Second, under Rule 30, "[t]he court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." Northwestern Mutual did not explicitly request sanctions under Rule 30. This does not impede the Court from now imposing those sanctions. *See Jurczenko v. Fast Prop. Sols., Inc.*, No. 1:09 CV 1127 (N.D. Ohio July 20, 2010) (finding, *sua sponte*, that Rule 30(b) was an appropriate alternative ground for discovery sanctions).

Pogue's counsel unquestionably impeded, delayed, and frustrated Northwestern Mutual's legitimate and fair attempts to examine Asta. Pogue's counsel attempted to hinder the continuation of the original deposition by misrepresenting facts surrounding the original deposition's suspension. For example, Pogue argued – and continues to argue – that Asta agreed to resume only on the same day and that Northwestern Mutual refused to do so. June 15, 2016 Obj. 6 – 7, ECF No. 76. Pogue now provides a post-hoc statement from Asta that attempts to corroborate this reframing of events. *Id.* The magistrate judge aptly analyzed this argument:

> At best, Pogue's argument is insufficient in the face of the transcript, which records the statements of Asta and counsel contemporaneous with the events in question. At worst, Pogue's argument and Asta's declaration are a joint attempt to mislead the Court as to the events surrounding the original deposition.

June 1, 2016 Memo. Op. 21, ECF No. 70. Furthermore, Pogue delayed the original deposition's progression, including failing to produce previously requested documents. These are only a sampling of Pogue's counsel's actions, which the magistrate judge's memorandum opinion fully detailed. *See id.* Any one of these actions would warrant sanctions. Together, these actions deserve sanctions and, as the magistrate judge noted, deeply concern the Court. *See id.* 28. As the

magistrate judge concluded, as an alternative basis, this conduct warrants sanctions under Rule 30.

Third, the Court has an inherent power to control discovery and issue appropriate sanctions, including an assessment of attorney fees, for abuses of the judicial process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765 (1980); *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631 (1962). "The power of a court over members of its bar is at least as great as its authority over litigants. If a court may tax counsel fees against a party who has litigated in bad faith, it certainly may assess those expenses against counsel who willfully abuse judicial processes." *Roadway Exp.*, 447 U.S. at 766 – 67. "[A] court may assess attorney[ ] fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers*, 501 U.S. at 45-46 (internal quotations and citations omitted). The magistrate judge did not make explicit findings relating to whether Pogue's counsel's conduct rises to the level of bad faith. For that reason, the Court will sustain Pogue's objection to the extent that the sanction relied on the Court's inherent power. However, as the Court's inherent power was only an alternative basis for the sanctions, imposition of the ordered sanction under Rule 37, or in the alternative Rule 30 will not be altered. The Court will adopt the magistrate judge's findings of fact and conclusions of law regarding the appropriateness of sanctions under Rules 30 and 37.

The Court will sustain Pogue's objections to the extent they concern the Court's inherent power as an alternative basis for sanctions. The Court will overrule Pogue's objections concerning the sanctions in all other regards. To be clear, the magistrate judge's imposition of attorney fees as an appropriate sanction under Rule 37, or in the alternative Rule 30, stands.

5

2. Objections to denial of Pogue's Motion to Quash

Pogue argues that the magistrate judge erred in finding Northwestern Mutual could depose Asta for seven additional hours and that Northwestern Mutual did not need to provide Asta's witness fee in advance. Neither of these arguments is meritorious. As discussed above and at length in the magistrate judge's memorandum opinion, Pogue delayed Asta's original deposition and hindered the efforts to resume that deposition. Under Rule 30(d)(1), "Unless otherwise stipulated *or ordered by the court*, a deposition is limited to one day of 7 hours." (emphasis added). The magistrate judge ordered the additional time due to Pogue's counsel's actions. This is in accordance with Rule 30.

Lastly, Pogue's counsel continues to misrepresent the statutory and Rules-based requirements for compensating a witness. Pogue's counsel conflates a witness' attendance fee with a witness' hourly rate. June 15, 2016 Objection, 15 – 16. Indeed, Pogue's counsel went so far as to leave out quotation segments that would clarify the law. *See id.* 15 (leaving out the amount of the attendance fee to suggest the hourly fee was required in advance). This is unsavory gamesmanship that is unbecoming of counsel of this bar.

The magistrate judge did not find that Northwestern Mutual was exempt from tendering an appearance fee. Northwestern previously tendered this appearance fee with its notice of deposition. *See* ECF No. 53-7. The Court will overrule Pogue's objections concerning the motion to squash.

## CONCLUSION

The Court will sustain Pogue's objections only to the extent they rely on the Court's inherent powers over discovery matters as an alternative basis for the relevant sanctions. The Court will overrule Pogue's objections in all other regards.

The Court will enter a separate order in accordance with this opinion.

July 7, 2016

Charles R. Simpson III, Senior Judge
United States District Court