UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES H. POGUE                                                                                    PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:14-cv-00598-CRS

NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY                                                                      DEFENDANT

## MEMORANDUM OPINION

Plaintiff James H. Pogue moved to extend the deadlines for expert disclosure, rebuttal expert disclosure, and discovery. ECF No. 46. The magistrate judge granted the motion in part and denied the motion in part. June 1, 2016 Op. & Order, ECF No. 71. Pogue now objects to the magistrate judge's partial denial of his motion. Pl.'s Obj., ECF No. 77.

The magistrate judge granted an extension for the completion of select discovery matters. This permitted the parties to conduct Pogue's Rule 30(b)(6) deposition on Northwestern Mutual Life Insurance Company ("Northwestern Mutual") and Northwestern Mutual's deposition of Dr. Roy Asta and Dr. Bracken Lewis. The magistrate judge also found that if the parties need additional discovery as a result of the permitted depositions, the parties must submit a request through a telephonic conference. The magistrate judge extended the deadline for rebuttal expert disclosure to June 24, 2016. The magistrate judge denied Pogue's request for an extended deadline for expert disclosure. The Court agrees with the magistrate judge's rulings and will overrule Pogue's objections.

First, Pogue objects to the magistrate judge's partial denial of his motion to extend the discovery deadline. In his objection, Pogue recites the arguments in his original motion. In that

1

motion and now in his objection, he argues that Northwestern Mutual impeded his to depose its Rule 30(b)(6) corporate designee. This Court and the magistrate judge have already held that this is incorrect. *See* June 16, 2016 Memo. Op., ECF No. 79. The law unequivocally requires Pogue to take this deposition at Northwestern Mutual's principal place of business – or, as Northwestern Mutual has offered, via video deposition. *Id.* Under Rule 16(b)(4), a discovery schedule "may be modified only for good cause and with the judge's consent." The Court agrees with the magistrate judge's decision that good cause does not exist to extend the discovery deadline. The Court also agrees with the magistrate judge that additional discovery may be needed. In accord with the magistrate judge's memorandum opinion, "should either party contend that additional discovery is needed subsequent to the 30(b)(6) deposition, such party shall request a telephonic conference with the Court." 6 – 7. The Court will overrule this objection.

Second, Pogue objects to the magistrate judge's denial of Pogue's motion to extend the expert disclosure deadline. Pogue filed his motion for an extension more than three weeks past the original deadline. *See* Dec. 2, 2015 Order, ECF No. 41; Pl.'s Mot. Ext. Time, ECF No. 46. As Pogue filed the motion out of time, Rule 6(b)'s heightened pleading standard applies. Under Rule 6(b)(1)(B), a court may extend a scheduling period "if the party failed to act because of excusable neglect." The Sixth Circuit has said that "the governing legal standard for excusable-neglect determinations is a balancing of five principal factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

The Court agrees with the magistrate judge's analysis and determination that Pogue's actions lack excusable neglect. Northwestern Mutual relied on Pogue's counsel's January 21, 2016 email that implied that Pogue would not supplement the October 15, 2015 expert disclosure. ECF No. 47-1. Northwestern Mutual may experience prejudice if an extension is granted to disclose expert witnesses. This would only cause further delay in a matter already flooded with discovery disputes. Furthermore, Pogue still has not offered any reason for the delay in seeking an extension. Pogue continues to argue he was awaiting a decision regarding Northwestern Mutual's protective order concerning its Rule 30(b)(6) deposition. As the magistrate judge noted, this answer ignores the relevant factors – Pogue could have easily moved for an extension of time while awaiting the magistrate judge's ruling on the protective order. June 1, 2016 Op. & Order, 8 – 11. The Court will overrule this objection.

Finally, Pogue objects to the duration of the magistrate judge's extension of the rebuttal witness deadline. While Pogue does not object to the magistrate judge's extension of the deadline, he objects that the deadline was not extended to his initially requested 60 days. Pogue argues that the rebuttal witness deadline should have been extended to allow the parties to complete the Rule 30(b)(6) deposition. Pogue misconstrues the pending Rule 30(b)(6) deposition as the "good cause" prompting the magistrate judge to extend the relevant deadline. Pl.'s Objs. Mag.'s Op. & Order 3. Rather, the magistrate judge granted a limited extension because prior to his ruling "the parties would not know whether the opposing party would be permitted to disclose *additional* experts, and in turn, whether and for what purpose they would require rebuttal experts." June 1, 2016 Mem. Op. & Order, 11 (emphasis added). The Court agrees with the magistrate judge's analysis and conclusion. An additional extension is unnecessary as both

parties served expert disclosures on or before February 15, 2016. *Id.* The Court will overrule this objection.

The Court will overrule Pogue's objections in their entirety.

The Court will enter a separate order in accordance with this opinion.

July 7, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**

4