UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES H. POGUE                                                                                     PLAINTIFF

v.                                                                           CIVIL ACTION NO. 3:14-CV-00598-CRS

NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY                                                                                DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff James H. Pogue's objection to the magistrate judge's amended scheduling order. Pl.'s Obj., ECF No. 99. Defendant Northwestern Mutual Life Insurance Company ("Northwestern Mutual") moved for leave to file a response in opposition to Pogue's objection. Def.'s Mot., ECF No. 101. For the following reasons, Pogue's objection will be overruled and Northwestern Mutual's motion for leave to file a response will be denied as moot.

Pogue moved to extend the deadlines for expert disclosure, rebuttal expert disclosure, and discovery. Pl.'s Mot. Extension Time, ECF No. 46. Pogue argued that his "ability to prepare his case has been hampered by his inability to take the [Rule 30(b)(6) deposition of Northwestern Mutual's] designated representative." *Id.* at 1. The magistrate judge granted the motion in part and denied the motion in part. June 1, 2016 Op. & Order, ECF No. 71. The magistrate judge granted an extension for the completion of select discovery matters, in part to allow Pogue to conduct his Rule 30(b)(6) deposition on Northwestern Mutual. *Id.* at 12. The magistrate judge also found that if the parties need additional discovery as a result of the permitted depositions,

1

the parties must submit a request through a telephonic conference. *Id.* at 13. The magistrate judge extended the deadline for rebuttal expert disclosure to June 24, 2016. *Id.* Finally, the magistrate judge denied Pogue's request for an extended deadline for expert disclosure. *Id.* Pogue objected to the magistrate judge's partial denial of his motion. Pl.'s Obj. to Op. & Order, ECF No. 77.

The magistrate judge stayed this action pending resolution of Pogue's objections and ordered the parties to jointly file a proposed scheduling order within ten days of this Court's resolution on the objections. June 23, 2016 Op. & Order, ECF No. 85. This Court overruled Pogue's objection to the magistrate judge's partial denial of his motion for an extension. July 8, 2016 Order, ECF No. 90. Pogue and Northwestern Mutual filed separate proposed scheduling orders, ECF No. 93, 94. In his proposed scheduling order, Pogue proposed that "Plaintiff shall disclose any rebuttal expert(s) no later than October 31, 2016," despite this Court having overruled his objection to the June 24, 2016 deadline. Proposed Sched. Order 1, ECF No. 94. The magistrate judge entered an amended scheduling order setting the deadline for rebuttal experts on August 8, 2016. Am. Sched. Order 2, ECF No. 96. The magistrate judge pointed out that in submitting his proposed order, Pogue "yet again – appears to attempt to circumvent previous orders of this Court regarding the deadline for disclosing rebuttal experts. This is unacceptable." *Id.* The magistrate judge explained,

> Pogue has consistently pressed for a 60-day extension of the deadline for his disclosure of rebuttal experts. The undersigned granted him a much shorter extension of time to do so, and that short extension was upheld by Judge Simpson. (*See* DN 89 at 3–4.) Ignoring those previous rulings, Pogue now seeks to extend the rebuttal expert deadline to October 31, 2016, some 115 days after the entry of Judge Simpson's order overruling Pogue's objections and 105 days after the filing of Pogue's proposed scheduling order. Pogue's attempt is in direct contravention of the Court's rulings on this issue.

*Id.* at 2 n.3. In addition to the deadline for rebuttal experts, Pogue also proposed earlier deadlines for supplemental disclosures, completion of discovery, and dispositive motions than were

2

adopted by the magistrate judge. Proposed Sched. Order 1, ECF No. 94; Am. Sched. Order 2, ECF No. 96. Pogue now objects to the amended scheduling order. Pl.'s Obj., ECF No. 99.

In his objection, Pogue "submits his ability to fairly prepare his case, notably his right to obtain discovery, has been substantially prejudiced." *Id.* at 1. As in his original motion and his objection to the magistrate judge's opinion and order, Pogue blames this inability to prepare on Northwestern Mutual having filed a motion for a protective order in response to his notice of the 30(b)(6) deposition of Northwestern Mutual. *Id.* at 1, 3; *see also* Pl.'s Mot. Extension Time 1, ECF No. 46; Pl.'s Obj. to Op. & Order 1, ECF No. 77. Pogue further blames the magistrate judge for the "lengthy delay in addressing Defendant's motion for a protective order." Pl.'s Obj. 4, ECF No. 99. Pogue asserts that, "[a]s the discovery deadline was approaching, and given that the Magistrate Judge had not yet addressed Defendant's motion for a protective order, [he] filed a motion to extend the scheduling deadlines." *Id.* at 2. Pogue argues that his motion was timely and that he was "simply trying to maintain the same time he would have been entitled to had Defendant appeared for the noticed 30(b)(6) deposition." *Id.* at 3–4. Thus, he argues, he had "good cause" under Federal Rule of Civil Procedure 16(b)(4) to receive an extension of the scheduling deadlines. *Id.* at 3. Pogue asks this Court to sustain his objections, set aside the magistrate judge's amended scheduling order, and enter a scheduling order that allows him "his requested time to complete his discovery." *Id.* at 4.

On nondispositive matters, such as discovery issues and scheduling orders, the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The magistrate judge's amended scheduling order is neither clearly erroneous nor contrary to law. Pogue presents no new arguments than those which this Court has already considered and rejected. *See* June 16,

3

2016 Mem. Op., ECF No. 79; July 8, 2016 Mem. Op., ECF No. 89. In fact, Pogue's objection to the amended scheduling order objects to the *exact same* scheduling determinations that this Court has already upheld. July 8, 2016 Mem. Op., ECF No. 89. In the July 8 opinion, this Court reiterated that Northwestern Mutual's motion for a protective order was proper, addressing Pogue's argument that Northwestern Mutual has somehow impeded his ability to obtain discovery. *Id.* at 2. This Court also determined that "Pogue could have easily moved for an extension of time while awaiting the magistrate judge's ruling on the protective order," addressing Pogue's excuse for not moving for an extension sooner. *Id.* at 3. Finally, this Court has already addressed whether the "good cause" standard applies and whether "good cause" exists to extend these deadlines. *Id.* at 2–4. Because Pogue has offered no new arguments to change the Court's position, his objection will be overruled.

      This Court will overrule Pogue's objection without having relied on Northwestern Mutual's proposed response. Thus, this Court will deny Northwestern Mutual's motion for leave to file a response in opposition to Pogue's objection to the amended scheduling order as moot.

December 20, 2016

Charles R. Simpson III, Senior Judge
United States District Court