UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-598-CRS

**JAMES H. POGUE,**                                                                                          **Plaintiff,**

v.

**THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,**     **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a request for attorney's fees by The Northwestern Mutual Life Insurance Company ("Northwestern Mutual"). The Court ordered Plaintiff James H. Pogue ("Pogue") to reimburse Northwestern Mutual for attorney's fees incurred in relation to a motion to quash (DN 48), a motion to exclude (DN 54), and the motion for leave to file a sur-reply (DN 60). (*See* DN 70 at 30, 32.) Pogue has objected to Northwestern Mutual's request. For the following reasons, the Court overrules in part and sustains in part Pogue's objections and orders him to reimburse Northwestern Mutual in the amount of **$4,550**.

## BACKGROUND

On June 1, 2016, the Court ordered Pogue to reimburse Northwestern Mutual for its attorney's fees and costs incurred in relation to the three motions identified above. (DN 70 at 30, 32.) Specifically, the Court ordered as follows:

> IT IS FURTHER ORDERED that Pogue's counsel shall REIMBURSE Northwestern Mutual for its attorney's fees and costs incurred in relation to the motion to quash (DN 48), the motion to exclude (DN 54), AND the motion for leave to file a sur-reply (DN 60). Such reimbursement shall be made BY COUNSEL and SHALL NOT be charged as costs to Pogue or otherwise be deducted from any payment Pogue receives in conjunction with this action. No later than ten (10) days after entry of this memorandum opinion and order, counsel for Northwestern Mutual shall provide to Pogue's counsel documentation of its attorney's

> fees and costs incurred in relation to the three motions listed above. No later than ten (10) days after receiving such documentation from defense counsel, Pogue's counsel shall pay Northwestern Mutual the amount requested, by such means as are preferable to Northwestern Mutual, OR file with the Court any objections they have to Northwestern Mutual's reported fees and costs. Any such objections shall be limited to the reasonableness of the amounts claimed.

(*Id.* at 32.) In accordance with that order, on June 9, 2016, Northwestern Mutual's counsel sent to Pogue's counsel a short affidavit and bill of costs. (DN 95-1.)

On July 22, 2016, Pogue submitted objections to the fees requested by Northwestern Mutual. (DN 95.) Pogue argued that (1) the hourly rates for Northwestern Mutual's attorney and paralegal were excessive; (2) Northwestern Mutual sought reimbursement for duplicative work; and (3) "specific entries contain excessive hours and are flawed." (*Id.* at 1.) First, Pogue contends that "aside from a self-serving affidavit, [Northwestern Mutual] provides little supporting proof to support the $340 hourly rate requested for its counsel" or a $190 hourly rate for its paralegal. (*Id.* at 2.) Second, Pogue requests that the Court reduce Northwestern Mutual's requested fees by $748 due to duplicative entries; he argues that it was inappropriate for Northwestern Mutual to seek reimbursement for 2.2 hours of drafting a motion to exclude, because that motion was based on the same factual and legal arguments that it asserted in its response to Pogue's motion to quash. (*Id.* at 3.) Third, and finally, Pogue objects to two specific entries as excessive: (1) 3.7 hours for "revis[ing]" a reply in support of a motion to exclude, and (2) 3.1 hours for "[d]rafting reply in support of motion for leave to file sur-reply," which Pogue objects to based on an improper calculation of the corresponding fee, as well as an excessive amount of time. (*Id.* at 4-5.)

On August 2, 2016, Northwestern Mutual filed a short response to Pogue's objections. (DN 97.) Northwestern Mutual argued that its request for fees was made in good faith and that it "suppl[ied] Plaintiff's counsel with an affidavit which included a detailed itemization of each task performed, the exact amount of time spent on each task, and the associated charges for that time." (DN 97 at 1.) Northwestern Mutual argues that Pogue's objection "attempts to take advantage of its good faith by criticizing the language used to describe the services rendered and contorting that language to fabricate objections to those time entries." (*Id.*) Northwestern Mutual agreed that it miscalculated one time entry and did not object to reimbursement being decreased accordingly. (*See id.* at 2 n.1.) It stated that its fees were reasonable based on the nature and extent of the discovery disputes in this action; that it would supplement its filings if so directed by the Court; and that otherwise, it would not respond specifically to Pogue's objections so as to avoid "perpetuat[ing] the unsavory tone that has permeated this matter[.]" (*Id.* at 3.)

On August 18, 2016, following a telephonic status conference, the Court required Northwestern Mutual to file a supplement to its response to Pogue's objections. (DN 104.) On August 19, 2016, Northwestern Mutual submitted a supplemental affidavit and amended supplemental affidavit providing further information on the experience of the attorney and paralegal on the case and the rates reflected in the bill of costs. (DN 105-1, 106-1.)

On September 8, 2016, Pogue filed a supplemental response (DN 108). He limited his response to the reasonableness of the hourly rates, stating that this was the only subject covered by Northwestern Mutual's supplemental affidavit. (*Id.* at 1 (citing DN 105).) Pogue contends that Northwestern Mutual still failed to show that the hourly rates are routine rates for Northwestern Mutual to pay its counsel, that the rate is reasonable for the Louisville, Kentucky

3

legal market, or that $340 is counsel's usual hourly rate. (*Id.* at 2.) Similarly, Pogue argues that Northwestern Mutual simply relies on counsel's affidavit regarding the paralegal's hourly rate, and that it fails to show that a rate of $190 is reasonable in this market. (*Id.*)

## DISCUSSION

"As the party applying for attorney's fees, [Northwestern Mutual] has the burden of showing [that it is] entitled to such an award by documenting the appropriate time spent on the matter in addition to hourly rates." *Clear Cast Group, Inc. v. Ritrama, Inc.*, 2012 U.S. Dist. LEXIS 91188, *2 (N.D. Ohio July 2, 2012) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (additional citations omitted). "Such a requirement does not require the party to show exactly how each minute was spent, however the general subject matter should be contained in counsel's time sheets." *Id.* at *2-3. The accepted method of calculating attorney's fees is known as the "Lodestar method." *J & J Sports Prods., Inc. v. Cole's Place, Inc.*, 2011 U.S. Dist. LEXIS 153137, *14 (W.D. Ky. Nov. 28, 2011) (citations omitted). The Lodestar method requires that the "hours reasonably expended by counsel are multiplied by a reasonable hourly rate commensurate with that fee rate imposed in the local legal community by counsel of similar experience." *Id.* (citations omitted).

1. **Reasonableness of Attorney Coryell's Hourly Rate**

As the party applying for attorney's fees, Northwestern Mutual has the burden of showing that its hourly rates associated with this action are reasonable. *See Holly v. UPS Supply Chain Solutions, Inc.*, 2015 U.S. Dist. LEXIS 65614, *15 (W.D. Ky. May 19, 2015) (citations omitted). Northwestern Mutual seeks reimbursement in the amount of $5,094.[1] This includes

---

[1] Northwestern Mutual acknowledges that its initial bill of costs (DN 95-1) contains a mathematical inaccuracy; it does not object to the final figure being reduced to reflect that inaccuracy. (*See* DN 97 at 2 n.1.) The

4

14.2 hours of work at an hourly rate of $340 for attorney Cornelius E. Coryell II ("Coryell") and 1.4 hours of work at an hourly rate of $190 for paralegal Beth Friedman ("Friedman"). (DN 95-1 at 5.) Initially, Northwestern Mutual provided a bill of costs to Pogue and did not provide an affidavit describing counsel's experience or usual rates. Northwestern Mutual did, however, provide such information after the Court ordered it to do so. Coryell submitted an affidavit explaining his experience and outlining his usual rates and the rates he is charging in this matter. In light of the additional information provided, and subject to one reduction discussed below, the Court finds that the fees requested are reasonable and will order Pogue to pay the requested attorney's fees.

According to the amended affidavit explaining the bill of costs, Coryell has practiced law for thirty years, having joined the Kentucky bar in 1987. (DN 106-1 at 1.) He is a partner in his law firm, Wyatt, Tarrant & Combs, LLP ("Wyatt, Tarrant & Combs"), and specializes in insurance disputes and litigation. (*Id.*) Coryell avers that the hourly rates of attorneys in his firm "range from $260 to $575." (*Id.* at 2.) He further states that his hourly rate has been $395 for more than a year, and for two years prior to that his rate was $375 per hour. (*Id.*) He states that his hourly rate for this action is $340.[2] (*Id.*) Coryell maintains that, upon information and belief, his "billing rates have been and are consistent with the billing rates of similarly experienced attorneys in comparable law firms in the Louisville legal market." (*Id.*) Pogue's argument in opposition is that Coryell and Northwestern Mutual have provided insufficient support for this

---

billing entry at issue is from May 11, 2016; the correct amount billed for that entry is $1,054, rather than $1,394, a difference of $340. (*See* DN 95 at 4, DN 95 at 5.) Accordingly, Northwestern Mutual seeks a total amount of $5,094, rather than $5,434, the original amount sought. (*See* DN 95-1 at 5.)

[2] Northwestern Mutual filed a supplemental affidavit and an amended supplemental affidavit on the same day (DN 105-1, 106-1). In the amended affidavit, counsel avers that the initial supplemental affidavit incorrectly states that his billing rate in this action is $345 per hour, but the actual rate is $340 per hour. The purpose of the amended affidavit was to correct that error. (DN 106-1 at 2.)

hourly rate, even taking into consideration the supplemental affidavit. (*See* DN 108 at 1-2 (arguing that Coryell's "self-serving affidavit" is based on only his beliefs regarding the prevailing market rate and lacks support derived from outside sources).)

"To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Say v. Adams*, 2009 U.S. Dist. LEXIS 23863, *6 (W.D. Ky. Mar. 24, 2009) (quoting *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004)); *see Briscoe v. Preferred Health Plan, Inc.*, 2010 U.S. Dist. LEXIS 50807, *39-40 (W.D. Ky. Feb. 11, 2010) (noting that Eastern District of Kentucky "has observed that submitting affidavits is the best way to establish the reasonableness of a rate") (quotation omitted) (rev'd on other grounds, 2010 U.S. Dist. LEXIS 36079 (W.D. Ky. Apr. 7, 2010)). As is discussed throughout this opinion, after some prompting from Pogue and the Court, Coryell submitted a supplemental affidavit in support of the fee request. (DN 106-1.)

The Court agrees with Pogue that Coryell and Northwestern Mutual could have presented more support for the fee request. Even after submitting the supplemental affidavit, Northwestern Mutual did not produce any affidavits or other evidence of *other attorneys'* hourly rates that would allow to the Court to assess Coryell's rate in comparison with his peers. However, based on the Court's review of Coryell's affidavit, decisions from this district over the last several years, and the Court's own knowledge of and experience with the local legal market, the Court finds that Coryell's requested hourly rate of $340 is reasonable. Coryell is a partner in a large regional law firm with extensive experience in insurance defense litigation. He has been practicing law for thirty years. According to Coryell, his standard billing rate is $395, whereas

the highest-billing members of his firm have an hourly rate of $575. Coryell bills Northwestern Mutual in this litigation at a significantly reduced rate of $340. In the Court's experience, Coryell's hourly rate is reasonable in comparison with local attorneys with similar experience and practices.

Recent case law also supports the requested hourly rate. *See, e.g.*, *Say*, 2009 U.S. Dist. LEXIS at *6-7 (finding hourly rate of $300 to be reasonable based on counsel's experience and affidavit of another attorney regarding such rate being comparable to other attorneys in the market with commensurate level of skill and experience); *Bench Billboard Co. v. Louisville-Jefferson County Metro Gov't*, 2007 U.S. Dist. LEXIS 71137 (W.D. Ky. Sept. 24, 2007) (approving hourly rate of $305 for attorney with 36 years of experience and $275 per hour for attorney with 27 years of experience based on their years of experience litigating complex commercial cases). The cases cited in the preceding sentence were decided nearly eight and ten years ago, respectively, and in both cases, judges of this district approved rates at or above $300 per hour. In a 2015 decision, the Sixth Circuit affirmed an opinion from this district awarding an hourly rate of $300, reasoning that such a rate was reasonable because the attorney had been licensed to practice law for nearly 18 years, she devoted a substantial portion of her practice to the type of cases in issue, and she provided evidence to support the reasonableness of the rate in Kentucky. *Perry v. Autozone Stores, Ind.*, 624 Fed. Appx. 370, 372-73 (6th Cir. 2015).

Finally, the Court notes that *Pogue's counsel* has, on several occasions, received fee awards from this district in which he was reimbursed for his work at an hourly rate of *$350*. *See, e.g.*, *Basham v. Prudential Life Ins. Co. of Am.*, 2014 U.S. Dist. LEXIS 172593, *11-13 (W.D. Ky. Dec. 12, 2014) (awarding fees to Pogue's counsel at hourly rate of $350); *Thies v. Life Ins.*

7

*Co. of N. Am.*, 839 F. Supp. 2d 886, 895-96 (W.D. Ky. Jan 4, 2014) (same); *Mullins v. Prudential Life Ins. Co. of N. Am.*, 2012 U.S. Dist. LEXIS 43723, *14-15 (W.D. Ky. Mar. 28, 2012) (granting award at hourly rate of $350 based in large part on lack of objection from defendant, and noting that supporting affidavits submitted by Pogue's counsel were from attorneys in major metropolitan areas, not from the local legal community). That Pogue's attorney himself has routinely received attorney's fee awards at an hourly rate higher than that sought by Coryell undermines Pogue's argument as to the reasonableness of Coryell's hourly rate.

Based on the foregoing, the Court finds that Coryell's requested hourly rate of $340 is reasonable.

**2. Reasonableness of Paralegal Friedman's Hourly Rate**

The Court also finds that the requested hourly rate for paralegal Friedman is reasonable. Northwestern Mutual requests reimbursement at an hourly rate of $190 for Friedman. (DN 95-1 at 5.) In his supplemental affidavit, Coryell avers that billing rates for paralegals at Wyatt, Tarrant & Combs range from $110 to $230 per hour, and that Friedman's standard hourly rate is $190. (DN 106-1 at 2.) He further states that Friedman has 34 years of experience as a paralegal and has been employed by his firm since 2001. (*Id.*) Coryell states that, upon information and belief, Friedman's billing rate is consistent with that of similarly experienced paralegals at comparable law firms in the Louisville legal market. (*Id.*) Pogue argues that this an excessive fee for the paralegal work in this case and that Northwestern Mutual has not provided sufficient evidence to support Friedman's requested rate.

The Court acknowledges that, in its experience, an hourly rate of $190 is higher than average for this legal market. The Court has been unable to locate any case law awarding fees at that level for a paralegal's work, and Northwestern Mutual has not cited any such case law. *See, e.g.*, *Basham*, 2014 U.S. Dist. LEXIS 172593, *11-13 (approving paralegal rate of $110 per hour); *Mullins*, 2012 U.S. Dist. LEXIS 43723 at *14 (same). Nonetheless, the Court is persuaded that $190 is a reasonable hourly rate under these particular circumstances. Friedman is extraordinarily experienced, having worked as a paralegal for 34 years, some 16 of which have been with Wyatt, Tarrant & Combs. Moreover, Northwestern Mutual seeks reimbursement for only 1.4 hours of work by Friedman, and Pogue does not appear to contest the reasonableness of the actual work that Friedman performed. The Court notes that this work could have easily been assigned to an associate with a higher rate than Friedman's; from that perspective, assigning such work to Friedman may have been an economical decision.

For the foregoing reasons, the Court finds that Friedman's hourly rate is reasonable.

### 3. Reasonableness of Time Spent as Reflected in Bill of Costs

Pogue argues that the bill of costs documents duplicate work, and, accordingly, the amount to which Northwestern Mutual and its counsel are entitled should be decreased. Specifically, Pogue argues that the bill of costs reflects excessive, duplicative time spent drafting Northwestern Mutual's motion to exclude Dr. Asta. Pogue points to previous language by the Court that Northwestern Mutual relied upon largely the same factual and legal arguments in its response to a motion to quash filed by Pogue and in the motion to exclude Dr. Asta. (DN 95 at 3 (quoting DN 70 at 8).) He requests that the Court decrease the fee award by $748 to reflect what he deems to be 2.2 hours of duplicative work on the motion to exclude. (*Id.* at 3-4.) Further,

9

Pogue accuses Northwestern Mutual of "block billing," that is, not fully delineating individual tasks. (*Id.* at 4.)

Additionally, Pogue argues that an entry showing 3.7 hours spent "revis[ing] [the] reply in support of motion to exclude Asta" was excessive given that the document was a reply, not a motion, and that the action taken was revision, not drafting. (DN 95 at 4; *see* DN 95-1 at 5.) He argues that it was excessive to spend 3.7 hours revising a reply when counsel spent only 2.2 hours preparing the motion itself. (DN 95 at 4.) Similarly, Pogue argues that it was excessive for Northwestern Mutual's counsel to spend 3.1 hours drafting its reply in support of a motion for leave to file a sur-reply, whereas it recorded only .9 hours in preparing the motion itself, and where the reply was significantly shorter than the motion and documents filed therewith. (*Id.* at 4-5.)

The Court has reviewed in full the bill of costs prepared by Northwestern Mutual's counsel (DN 95-1). The Court finds that, with one exception discussed below, Northwestern Mutual has met its burden of showing entitlement to the fees requested by documenting the time spent on specific tasks related to the motions for which Court has permitted an award of attorney's fees and costs. (*See* DN 70 at 30 (permitting reimbursement in relation to DN 48, 54, and 60).) The Court rejects Pogue's contention that the bill of costs shows block billing; the time entries are sufficiently specific and detailed to allow a reviewer to understand the nature of the work conducted. That is, the "general subject matter" of each task performed by counsel is evident from the bill of costs. *See Ritrama*, 2012 U.S. Dist. LEXIS 91188 at *2-3.

Based on its review of the bill of costs, the Court finds that no duplicate or unnecessary work was recorded. The Court does not agree with Pogue that multiple instances of revision and

drafting are inherently unnecessary and duplicative. In fact, the Court found that work on behalf of Northwestern Mutual has been competent and diligent, as is reflected by the fact that Northwestern Mutual prevailed in relation to each of the three motions at issue. All of those motions involved complex and often interrelated discovery issues, and Northwestern Mutual's briefing required review of the transcript of Dr. Asta's deposition and synthesis of Pogue's arguments.

With respect to the specific entries to which Pogue objects, the Court finds that it was reasonable for Northwestern Mutual's to devote as much time as he did to the motion to exclude. While there was some overlap between it and the response to the motion to quash, the fact remains that they are two distinct motions, one of which was Northwestern Mutual's own motion and the other, Pogue's, and each sought a distinct remedy. Moreover, Pogue is disingenuous in asking for a 2.2-hour reduction in relation to the motion to exclude, as one of the entries to which he points in support of this reduction was not based solely on the motion to exclude; it also included time spent on the response to the motion to quash. (*See* DN 95-1 at 4.) As to the reply in support of the motion to exclude, the Court finds that the amount of time spent was reasonable. This is so in light of the unusual argument regarding standing that Pogue asserted in response to the motion to exclude and the degree of disagreement between the parties as to what occurred during Dr. Asta's deposition. (*See* DN 95-1 at 5 ("Continue drafting reply in support of motion to exclude . . . *including research on "legitimate interest" standard for standing* to challenge subpoena directed to non-party.") (emphasis added).)

With respect to the reply in support of Northwestern Mutual's motion for leave to file a sur-reply, the Court agrees with Pogue that 3.1 hours appears to be in excess of the amount of

11

time required to produce a three-page sur-reply. While the Court acknowledges that the bill of costs reflects that the 3.1 hours included "addition of record citations and additional drafting of discussions of alleged off the record statements," the Court's review of the sur-reply indicates that an attorney with Coryell's level of experience and familiarity with the Dr. Asta dispute would not require 3.1 hours to prepare the reply. Accordingly, the Court will reduce the amount of time for that entry by 1.6 hours, for a total of 1.5 hours and a monetary reduction of $544.

## ORDER

Accordingly, IT IS HEREBY ORDERED that, for the foregoing reasons, Pogue's objections to Northwestern Mutual's request for attorneys' fees are **overruled in part** and **sustained in part**.

IT IS FURTHER ORDERED that **no later than May 5, 2017**, Pogue shall REIMBURSE Northwestern Mutual in the amount of **$4,550**.[3] Payment shall be made by such means as are preferable to Northwestern Mutual. Consistent with the Court's original order for reimbursement (DN 70 at 32), such reimbursement shall be made by counsel and shall not be charged as costs to Pogue or otherwise be deducted from any payment that Pogue may receive in conjunction with this action.

cc: Counsel of record

---

[3] Consistent with the above discussion, this amount was determined as follows: $5,434, the amount requested by Northwestern Mutual (*see* DN 95-1 at 5), less $340 for the miscalculation (*see* above at note 1), less $544 in relation to the reply in support of motion for sur-reply (as discussed above), for a total of **$4,550**.