UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES H. POGUE                                                             PLAINTIFF

vs.                                      CIVIL ACTION NO. 3:14-CV-0598-CRS

NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY                                     DEFENDANT

**MEMORANDUM OPINION & ORDER**

### I. Introduction

This case is before the Court on Plaintiff James H. Pogue's objections to Defendant Northwestern Mutual Life Insurance Company's ("NWML") bill of costs. DN 154. NWML did not respond; the time to do so has passed. This matter is now ripe for review.

### II. Background

On March 7, 2018, this Court granted NWML's motion for summary judgment. Plaintiff unsuccessfully appealed to the Sixth Circuit. NWML submitted a bill of costs in the amount of $6,095.20. DN 151.

Plaintiff objects to NWML's bill of costs arguing that the Court should deny the bill of costs based on Plaintiff's limited financial resources, or alternatively, to reduce the bill of costs to eliminate charges for services that were excessive, unreasonable, and/or unnecessary under 28 U.S.C. § 1920.

### III. Legal Standard

Federal Rule of Civil Procedure 54(d)(1) provides that "costs–other than attorney's fees– shall be allowed to the prevailing party." This "language creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *Singleton v. Smith*,

241 F.3d 534, 539 (6th Cir. 2001) (quoting *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986)). "The costs that courts may tax under Rule 54(d)(1) are confined to the costs itemized in 28 U.S.C. § 1920." *In re Cardizem CD Antitrust Litig.*, 481 F.3d 355, 359 (6th Cir. 2007). Under section 1920, a court may tax as costs the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation for court appointed experts and interpreters, as well as costs for certain interpretative services. "Items proposed by winning parties as costs should always be given careful scrutiny." *Grogan v. United States*, 341 F.2d 39, 43 (6th Cir. 1965).

## IV. Discussion

### A. Whether the Court should consider Plaintiff's limited financial resources

First, Plaintiff requests this Court deny NWML's bill of costs entirely on the account of Plaintiff's limited financial resources. "[W]hen a party claims indigency, [the Sixth Circuit] requires a determination of his or her capacity to pay the costs assessed." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989) (concerning a *pro se* plaintiff's claim of inability to pay the costs taxed against him). The burden is upon the plaintiff to show that he is incapable, as a practical matter, of paying such costs. *Jones v. Kolb*, 84 F. App'x 560, 561–62 (6th Cir. 2003).

Plaintiff relies on the following testimony from his February 10, 2016 deposition to support his claim of indigency:

Q. Are you currently employed?

A. No.

> Q. Are you currently doing anything to generate income or revenue?
>
> A. Just on Social Security.
>
> Q. Have you been employed anywhere since November 2012?
>
> A. No.
>
> Q. Have you done any income generating activities since November 2012?
>
> A. Just Social Security.

DN 154, at 2. This testimony is inadequate to permit the Court to assess Plaintiff's asserted indigency. *See, e.g.*, *Svendsen v. Wal-Mart Stores, E., LP*, 3:10-cv-0920, 2014 WL 2645554, at *2 (June 13, 2014) (finding plaintiff adequately established indigency where plaintiff provided "detailed financial by way of two [] affidavits" permitting "the Court to evaluate the extent of her asserted indigency"). In absence of supporting evidence, the Court finds that Plaintiff has failed to satisfy his burden that he cannot pay costs taxed against him.

### B. Whether NWML's requested costs are excessive, unreasonable, and/or unnecessary

Plaintiff objects to the following deposition related costs: (1) attendance fees; (2) exhibits; (3) shipping and handling; (4) litigation package; (5) witness read and sign services; (6) court reporter travel fee; and (7) transcripts. Additionally, Plaintiff challenges the fee for removal.

#### 1. Attendance Fees

Plaintiff challenges the following attendance fees: (1) Pogue's deposition: $100; (2) Asta's February 17, 2016 deposition: $130; (3) Asta's August 24, 2016 deposition: $65; and (4) Lewis's deposition: $50. The Sixth Circuit has held that a court reporter's attendance fee is recoverable under § 1920 because, perhaps unsurprisingly, the court reporter's appearance in necessary to take a deposition. *Arrambide v. Wal-Mart Stores, Inc.*, 33 F. App'x 199, 203 (6th Cir. 2002). *See also Ashland Hosp. Corp. v. RLI Ins. Co.*, No. CV 13-143-DLB-EBA, 2015 WL 5063184, at *4 (E.D.

Ky. Aug. 26, 2015) (permitting court reporter appearance fees to be taxed); *Vander Boegh v. U.S.*, No. 5:08–CV–00150–R, 2011 WL 1106755, at *4 (W.D. Ky. Mar. 23, 2011) (same). Because the court reporters were necessary to take the depositions and since the fees they charged were reasonable, the Court will allow NWML to recover those costs.

### 2. Copies of Deposition Exhibits

Plaintiff challenges NWML's attempt to bill for copies of deposition exhibits since the "exhibits NWML relied upon in the deposition were already in its possession." DN 154, at 4. Plaintiff does not cite to any authority to support their argument that copies of deposition exhibits are not taxable. To the contrary, district courts within the Sixth Circuit allow such costs to be taxed because deposition exhibits "are routinely necessary to support summary judgment motions and at times prove useful at trial." *Ashland*, 2015 WL 5063184, at *6. *See also Miles Farm Supply, LLC v. Helena Chem. Co.*, No. 4:06-CV-23-R, 2008 WL 4561574, at *4 (W.D. Ky. Oct. 10, 2008) ("[T]he cost of obtaining one set of discovery documents in a usable format is reasonably necessary to the maintenance of an action and taxable"); *Doughty v. Tennessee Valley Towing, Inc.*, No. CIV.A. 5:04CV-173-JH, 2007 WL 3071524, at *3 (W.D. Ky. Oct. 19, 2007) (holding that the cost of obtaining a copy of the exhibits utilizing during a deposition "is entirely appropriate and qualify as taxable costs"). The Court will allow NWML to recover the costs for the copies of the deposition exhibits.

### 3. Shipping & Handling

Plaintiff objects to the following shipping and handling fees: (1) Pogue's deposition: $59; (2) Asta's February 17, 2016 deposition: $36; (3) Asta's August 24, 2016 deposition: $29.50; and (4) Lewis's deposition: $29.50. "Postage is not a taxable cost because it is an 'administrative expense' that 'represents the cost of doing business' and is an expense 'generally incurred for a

4

party's convenience.'" *Thalji v. Teco Barge Line*, 2007 WL 2827527, *2 (W.D. Ky. Sept. 28, 2007) (citations omitted). The Court agrees that the shipping and handling fees are not recoverable. *See Doughty*, 2007 WL 3071524, at *3 (bill including charge for postage and handling was not recoverable). This expense, totaling $154.00, will therefore be deducted from NWML's bill of costs.

### 4. Litigation Package

Next, Plaintiff challenges the "Litigation Package" expenses associated with Asta's depositions: $34 each for a total of $68. Plaintiff asserts that the Litigation Package "is not part of the transcript" and is "an additional litigation service Veritext offers to its customers." DN 154, at 6. The Court finds that NWML has not itemized its deposition costs in sufficient detail, nor has NWML filed a response explaining its expenses, so that the Court can make a determination of the reasonable necessity of the "Litigation Package" expenses. *See Banks v. Bosch Rexroth Corp.*, 611 F. App'x 858, 860 (6th Cir. 2015) ("In order to award costs to a prevailing party, the court must determine that the expenses are allowable and that the amounts are reasonable and necessary."). This expense, totaling $68.00, will therefore be deducted from NWML's bill of costs.

### 5. Witness Read & Sign Services

Plaintiff objects to the "Witness Read and Sign Services" for the February 17, 2016 deposition of Asta in the amount of $25 as not recoverable. The Court is not aware of any case addressing whether "Witness Read and Sign Services" are taxable under § 1920. And Plaintiff does not cite any. Rather, Plaintiff asserts that such costs are not recoverable because "[p]ermitting a witness to review the transcript is *required* under the Federal Rules when and if requested." DN

154, at 6 (citing Fed. R. Civ. P. 30(e)) (emphasis in original). However, Plaintiff's reliance on this rule works against him.

The Sixth Circuit has interpreted § 1920 "to authorize taxing as costs the expenses of taking, transcribing and reproducing depositions." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). Federal Rule of Civil Procedure 30(e) provides that a deponent "must be allowed" to review the transcript and make changes if necessary. The Court therefore finds the "Witness Read and Sign Services" fee a necessary cost of taking the deposition. Because the "Witness Read and Sign Services" were incidental to the deposition and the fee was reasonable, the Court will allow NWML to recover those costs.

### 6. Court Reporter Travel Fee

Plaintiff objects to the court reporter's mileage fee for the deposition of Lewis in the amount of $113.40 as not recoverable under § 1920. Additionally, Plaintiff asserts the cost was unnecessary because "NWML could have retained a local court reporter." DN 154, at 7. Although the court reporter charged $50.00 for an attendance fee in addition to mileage, the Court finds the additional mileage charge as reasonable and recoverable since it was necessary to take the deposition. *See Ashland*, 2015 WL 5063184, at *5 (finding court reporter's mileage fees recoverable in addition to the general appearance fee where costs were reasonable). The Court will allow NWML to recover this cost.

### 7. Transcripts

Next, Plaintiff asserts that the costs NWML seeks for its deposition transcripts are not reasonable. Specifically, Plaintiff takes issue with the costs NWML paid per page for each Asta deposition transcript. Based on NWML's invoices: Pogue's deposition cost $3.75 per page (230 pages for $862.50); Lewis's deposition cost $3.75 per page (191 pages for $716.25); Asta's

February 17, 2016 deposition cost $4.25 per page (311 pages for $1,321.75); and Asta's August 24, 2016 deposition cost $4.25 per page (191 pages for $811.75). In addition, the invoice indicates Veritext charged a $.50 expert witness surcharge per page for each Asta Deposition (a total of $155.50 for the February 17, 2016 deposition and $95.50 for the August 24, 2016 deposition). NWML has not provided any explanation as to why Asta's depositions cost $.50 more per page than the Pogue and Lewis depositions when a surcharge was already included on the invoice. Thus, the amounts seem duplicative and the Court will only allow NWML to recover $3.75 per page for each Asta deposition, in addition to the expert witness surcharge. *See Vistein v. Am. Registry of Radiologic Technoligists*, No. 1:05-CV-2441, 2010 WL 918081, at *7 (N.D. Ohio Mar. 10, 2010) (rejecting deposition costs where party provided no explanation for the different costs per page). Accordingly, the Court will deduct $251.00 from NWML's bill of cost.

Plaintiff also challenges the $643.75 for obtaining copies of deposition transcripts for Gregory Gurlik and Sharon Hydge as unnecessary because Plaintiff already had a copy. Courts have allowed extra copies of depositions to be taxed where good reasons exist. *See, e.g.*, *Ashland*, 2015 WL 5063184, at *4. However, NWML has made no attempt to explain why extra deposition copies were necessary. This expense, totaling $643.75, will therefore be deducted from NWML's bill of costs.

### 8. Removal

Finally, Plaintiff challenges the $400 cost NWML paid to remove the action to federal court. Plaintiff asserts the costs was unnecessary as Plaintiff appropriately filed his lawsuit in Kentucky state court – a court of competent jurisdiction. The Court finds that a removal filing fee is a fee allowed under § 1920(1) and may be taxed as part of costs. *See, e.g.*, *Roll v. Bowling Green Metal Forming, LLC*, No. 1:09-CV-00081-TBR, 2010 WL 3069106, at *2 (W.D. Ky. Aug.

7

4, 2010); *Cunningham v. Target Corp.*, No. 3:06-CV-160, 2010 WL 1032772, at *1 (W.D. Ky. Mar. 17, 2010).

## V.  Order

For the reasons set forth hereinabove and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED AND ADJUDGED** that

(1) Plaintiff's objections (DN 154) to Defendant's bill of costs are overruled in part and sustained in part.

(2) The following will be deducted from Defendant's bill of costs: $154.00 in shipping and handling expenses; $68 for the litigation packages associated with Asta's depositions; $251.00 for the unreasonable price per page rate for Asta's depositions; and $643.75 for extra copies of Gurlik's and Hyde's deposition transcript.  Defendant's bill of costs (DN 151) will therefore be reduced from $6,095.20 to $4,978.45.

(3) Pursuant to 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d), Defendant is awarded $4,978.45 in costs as the prevailing party.

**IT IS SO ORDERED.**

July 1, 2019

**Charles R. Simpson III, Senior Judge**
**United States District Court**